**Kathleen LEHER, Plaintiff,**

v.

**CONSOLIDATED PAPERS, INC., Defendant,**

v.

**WISCONSIN DEPARTMENT OF INDUSTRY, LABOR AND HUMAN RELATIONS, Proposed Intervenor.**

No. 91–C–900–C.

United States District Court, W.D. Wisconsin.

March 2, 1992.

Linda S. Quartaro, Schneidman, Myers, Dowling, Milwaukee, Wis., for Kathleen Leher.

Kathleen M. Moran, Seyfarth, Shaw, Fairweather and Geraldson, Chicago, Ill., for Consolidated Papers, Inc.

Richard Moriarty, Asst. Atty. Gen., Madison, Wis., for Wisconsin DILHR, intervenor.

## OPINION AND ORDER

CRABB, Chief Judge.

Plaintiff filed this complaint with the Wisconsin Department of Industry, Labor and Human Relations, Equal Rights Division (DILHR), claiming that defendant violated the Wisconsin Family and Medical Leave Act, Wis.Stat. § 103.10. Defendant removed the case to this court pursuant to 28 U.S.C. § 1441(a). It is before the court now on DILHR's motion to intervene and on DILHR's and plaintiff's motions to remand the case to the Equal Rights Division.

DILHR contends that 28 U.S.C. § 2403(b) gives it an unconditional right to intervene in this case and that it may intervene as of right pursuant to Fed.R.Civ.P. 24(a). DILHR and plaintiff assert that plaintiff's claim is not preempted by federal law and that this case was removed improperly.

Defendant does not oppose DILHR's motion to intervene. However, it. contends that plaintiff's claim is preempted completely by federal labor law, specifically the National Labor Relations Act and Section 301 of the Labor Management Relations Act, so that removal to federal court was proper.

I conclude that 28 U.S.C. § 2403(b) does not confer an unconditional right upon DILHR to intervene in this case because the constitutionality of the Family and Medical Leave Act is not being called into question. Further, DILHR does not meet the prerequisites of Fed.R.Civ.P. 24(a) to intervene as of right. However, I will consider DILHR's views as those of an amicus curiae.

I conclude also that plaintiff's claim under the Family and Medical Leave Act does not require interpretation of the collective bargaining agreement between plaintiff and defendant and is not substantially dependent on the agreement. Therefore, the claim is not preempted by § 301 and this case will be remanded to DILHR.

For the sole purpose of deciding these motions, I find from the complaint and from the record that the following facts are undisputed.

## UNDISPUTED FACTS

Plaintiff is employed by defendant in its Employee Benefits Department as a claims processor. Her exclusive bargaining agent and representative with respect to terms and conditions of employment is Local 95 of the Office and Professional Employees' International Union.

On August 22, 1991, plaintiff requested that defendant grant her a three week family leave under the Family and Medical Leave Act (for convenience, I will refer to the act as the leave act). Plaintiff asked

defendant to allow her to substitute two weeks' accumulated sick leave for two weeks of family leave. Plaintiff was not sick at the time she requested this leave.

On August 29, 1991, defendant granted plaintiff's request for a three week family leave without pay and informed plaintiff that she could substitute her accrued paid vacation time for family leave. Defendant denied the requested substitution of sick leave because plaintiff was not sick and because plaintiff's current employment contract did not provide for accumulated sick leave.

On September 17, 1991, plaintiff filed a complaint with the State of Wisconsin, DILHR, Equal Rights Division, claiming that defendant violated the leave act. On October 4, 1991, defendant submitted a responsive statement to the complaint. On October 16, 1991, the Equal Rights Division's investigator found that there was probable cause to believe that defendant had violated the act by refusing to allow the substitution. On October 21, 1991, defendant filed its Notice of Removal.

The leave act provides that:

(5) Payment for and restrictions upon leave. (a) This section does not entitle an employe to receive wages or salary while taking family leave or medical leave.

(b) An employe may substitute, for portions of family leave or medical leave, paid or unpaid leave of any other type provided by the employer.

Wis.Stat. § 103.10(5).

Wis.Admin.Code § Ind 86.03(1) states:

Substituting leave. (1) At the option of the employe an employe entitled to family or medical leave under the Act may substitute, for any leave requested under the Act, any other paid or unpaid leave which has accrued to the employe.

The collective bargaining agreement between Local 95 and defendant provides that employees with 10 or more years' seniority with the company are allowed 500 hours of annual sick leave. Plaintiff has been employed by defendant for over ten years.

## OPINION

### DILHR's Motion to Intervene

■ DILHR bases its motion to intervene on its contention that defendant has called the constitutionality of the leave act into question, giving it a right to intervene under 28 U.S.C. § 2403(b), which states:

In any action, suit or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn into question, the court shall ... permit the State to intervene for presentation of evidence ... and for argument on the question of constitutionality....

Defendant has argued preemption. It is not at all clear whether this calls the constitutionality of the leave act into question.

In *Dynamics Corp. of America v. CTS Corp.,* 794 F.2d 250 (7th Cir.1986), *rev'd on other grounds,* 481 U.S. 69, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987), the Court of Appeals for the Seventh Circuit noted in dicta that "[t]here is a question whether section 2403(b) is meant to apply to cases where the only constitutional challenge is under the supremacy clause, that is, where the state statute is contended to be in conflict with a federal statute." *Id.* at 259. The reasoning is that a finding of preemption may still leave the state statute in effect. *See National Metalcrafters v. McNeil,* 784 F.2d 817, 828–29 (7th Cir.1986) (although state statute found to be preempted in this case, in the majority of cases, the statute can still be applied in employment settings).

Defendant is not arguing that the leave act is unconstitutional. It is arguing that the statute is preempted as it applies to plaintiff's claim. A finding of preemption would not render the statute unconstitutional or call its constitutionality into question. Therefore, I conclude that 28 U.S.C. § 2403(b) does not give DILHR a right to intervene in this case.

■. I turn next to DILHR's alternative contention: that it has a right of intervention pursuant to Fed.R.Civ.P. 24(a). That rule provides that:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the ... transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

DILHR contends that (1) it has an interest in this case to assure that its statutory duty to administer the leave act is not subverted by employers' attempts to recast employees' leave act claims into claims under federal law; (2) if employers can evade DILHR's administration of the leave act, DILHR's ability to protect that statutorily imposed interest may be impaired or impeded; and (3) because DILHR must enforce the leave act as to the private sector and all employers in Wisconsin, this interest cannot be expected to be represented adequately by the existing parties.

Although DILHR appears to have a valid interest in this case, it has not shown that its interest cannot be represented adequately by plaintiff. DILHR seeks to intervene as to jurisdictional issues only; it argues that plaintiff's claim is not preempted and that this case should be remanded. Plaintiff is pursuing the same goal. Her interest is as strong if not stronger than DILHR's because, according to her, she could lose any remedy she has under state law if this case is not remanded. I conclude that DILHR has not shown a basis for intervening as of right under Fed. R.Civ.P. 24(a)(2).

Although DILHR is not a party to this case and cannot move personally to remand this case, it could have moved for leave to file briefs as amicus curiae in support of its position on the jurisdictional issues. Its briefs in support of remand will be considered as briefs of an amicus curiae.

*Motion to Remand*

■ The removal statute is to be construed narrowly. Any doubts are to be resolved in favor of state court jurisdiction. *See Somlyo v. I. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1045–46 (2d Cir.1991) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). The removing defendant bears the burden of showing that the case was removed properly. *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 273, n. 1 (7th Cir.1982).

■ Ordinarily, a case may not be removed to federal court if it could not have been brought there originally. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, whether federal jurisdiction exists is determined from the face of the plaintiff's complaint. A preemption defense cannot form the basis of federal jurisdiction. *Stikes v. Chevron USA, Inc.,* 914 F.2d 1265, 1267 (9th Cir. 1990) (citing *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429–30).

The complete preemption doctrine is an exception to this rule. "Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim...." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. Section 301 of the Labor Management Relations Act has preemptive force. It provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Supreme Court has decided a number of cases involving the preemptive effect of § 301. The common thread running through the Court's analyses is that "an application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application re-

quires the interpretation of a collective bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988). In *Lingle* the petitioner was discharged for filing an allegedly false workers' compensation claim. While arbitration was proceeding, petitioner filed a retaliatory discharge action in Illinois state court and respondent removed the action to federal court, alleging § 301 preemption. The Supreme Court found that under Illinois law, petitioner had to show "that (1) he was discharged or threatened with discharge and (2) the employer's motive in discharging or threatening him was to deter him from exercising his rights under the Act or to interfere with his exercise of those rights." *Lingle*, 486 U.S. at 407, 108 S.Ct. at 1882 (citing *Horton v. Miller Chemical Co.*, 776 F.2d 1351, 1356 (7th Cir.1985)). In the Court's view, neither of these elements required interpretation or construction of the collective bargaining agreement, thus, the state law claim was deemed to be "independent" of the collective bargaining agreement. *Id.* The Court reiterated that "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Lingle*, 486 U.S. at 410, n. 10, 108 S.Ct. at 1884, n. 10 (citing *Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3, 107 S.Ct. 2161, 2167, n. 3, 95 L.Ed.2d 791 (1987)).

In *Hechler*, an employee brought a state law tort suit against her union for breach of the union's duty to provide her with a safe workplace. To assess liability, a court would have had to ascertain (1) whether the collective bargaining agreement imposed an implied duty of care on the union; (2) the scope of the duty; and (3) to what extent the union's duty extended to the employee's allegations. *Hechler*, 481 U.S. at 862, 107 S.Ct. at 2168–69. Therefore, the Supreme Court held, the claim was not "sufficiently independent of the collective-bargaining agreement to withstand the preemptive force of § 301." *Id.* at 851, 107 S.Ct. at 2161. *See also United Steelworkers of America v. Rawson*, 495 U.S. 362,

110 S.Ct.1904, 109 L.Ed.2d 362 (1990) (where the alleged duty was one arising from the agreement, a tort claim against the union was not independent of the collective bargaining agreement); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (state law tort claim against an employer may be preempted by § 301 if the duty to the employee is created by a collective bargaining agreement).

■ The Court of Appeals for the Seventh Circuit has held that the mandate of *Lingle* is "straightforward" in that it requires preemption only if application of state law requires complete interpretation of a collective bargaining agreement. *Nelson v. Central Illinois Light Co.*, 878 F.2d 198, 201 (7th Cir.1989) (complaint alleging discharge in retaliation for filing a workers' compensation claim was not preempted by federal labor law because the elements of the claim could be evaluated without interpreting the collective bargaining agreement); *Sluder v. United Mine Workers of America*, 892 F.2d 549 (7th Cir.1989) (coal miner's state law negligence claim preempted by § 301 where the scope of the union's duty to conduct inspections could not be defined under Illinois law without reference to the collective bargaining agreement); *Douglas v. American Information Technologies Corp.*, 877 F.2d 565 (7th Cir.1989) (employee's claim for intentional infliction of mental distress was preempted because a court would be required to determine whether the employer's conduct was authorized by the explicit or implicit terms of the agreement). Federal labor policy does not prevent states from granting substantive rights independent of the collective bargaining agreement to its workers, *id.* at 569 (citing *Allis–Chalmers Corp. v. Lueck*, 471 U.S. at 212, 105 S.Ct. at 1911–12), as long as the claim can be resolved without interpreting the agreement itself. *Id.* at 569–570 (citing *Lingle*, 486 U.S. at 409, 108 S.Ct. at 1883).

■ In determining whether plaintiff's claim is preempted by § 301 the first step is to examine the elements of her claim. Because it is based upon a statute that is

only two years old, there is little precedent delineating the elements clearly. However, from decisions of DILHR and decisions of the state court reviewing DILHR's conclusions, it appears that plaintiff must prove that (1) she was covered by the Family and Medical Leave Act at the time she requested the leave; (2) she requested a substitution for family leave; (3) the employer provided the type of leave requested; (4) the substituted leave had accrued to her; and (5) the employer denied the substituted leave. *See Loeffler v. St. Luke's Hospital,* ERD Case No. 9050781 (ALJ Grandberry 8/30/90), *aff'd,* Milwaukee County Circuit Court, Case No. 90–CV–012–780 (Judge McCormick 7/26/91).

The parties do not dispute that plaintiff was covered by the leave act or that she asked for leave under the act. This makes the second step of the analysis the determination whether defendant provided the type of leave requested, and, if so, whether the requested substituted leave had accrued to plaintiff.

The nub of defendant's argument is that the terms of the collective bargaining agreement will have to be interpreted to resolve the second step of the analysis: determining the type of leave defendant provided and whether that leave had accrued to plaintiff. Plaintiff and DILHR maintain that no such interpretation is required; all that is necessary is "looking to" the agreement to see what is provided.

Whether defendant provides sick leave does not require interpretation of the collective bargaining agreement. The more difficult question is whether the accrual provision of the leave act requires interpretation of the collective bargaining agreement. Defendant contends that under the terms of the contract, employees are not allowed to "accumulate" or otherwise accrue sick leave allowance that is unused at the end of the year and employees are not compensated for unused sick leave. Defendant contends also that plaintiff could not have "accrued" any sick leave because she was not sick at the time she requested the sick leave substitution.

If these matters raised by defendant are relevant to deciding plaintiff's claim, the fact-finding body would be interpreting the collective bargaining agreement's policy on sick leave. In my view however, the definitions defendant assigns to the word "accrue" are irrelevant. It is the leave act's definition that controls. Whether defendant permits its employees to be compensated for sick leave or to carry unused sick leave over into the next year and whether plaintiff was sick at the time she requested the substitution are irrelevant to determining how much sick leave had "accrued" to plaintiff within the meaning of the leave act. The plain language of the statute is that if an employer provides sick leave, an employee may substitute that leave for family leave. The plain language of the agreement between plaintiff's union and defendant states that an employee with more than 10 years' seniority has 500 hours of annual sick leave.

Lifting this fact from this agreement does not require interpretation of the agreement. It does not undermine preemption policy, which is based on the mandate that federal law be uniform when interpreting collective bargaining agreements so that state and federal law do not assign different meanings to contract terms. *Douglas,* 877 F.2d at 569 (citing *Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962)). Plaintiff's claim does not conflict with preemption concerns. It can be litigated pursuant to state law without interpreting terms included in the collective bargaining agreement.

I conclude that plaintiff's claim based on the Wisconsin Family and Medical Leave Act is not a claim founded directly on rights created by the collective bargaining agreement and is not "substantially dependent on analysis of a collective-bargaining agreement." *Lingle,* 486 U.S. at 410 n. 10, 108 S.Ct. at 1884 n. 10 (citing *Hechler,* 481 U.S. at 859 n. 3, 107 S.Ct. at 2167 n. 3). I conclude therefore, that this case was removed improperly and that it must be remanded to DILHR for further proceedings.

1486

### ORDER

IT IS ORDERED that the motion to intervene of the Department of Industry, Labor and Human Relations is DENIED.

FURTHER, IT IS ORDERED that plaintiff's motion to remand this action to the Department of Industry, Labor and Human Relations is GRANTED. The Clerk of Court is directed to transmit the record of the case to the department.