Byron E. DERBY, Alice Derby and State Farm Mutual Automobile Insurance Company, Plaintiffs-Respondents,

v.

BRENNER TANK, INC., Defendant-Appellant,†

JACOB BRENNER COMPANY, INC., ABC Company, DEF Insurance Company and Golden Rule Insurance Company, Defendants.

Court of Appeals

*No. 93–3466. Submitted on briefs July 20, 1994.—Decided August 30, 1994.*

(Also reported in 522 N.W.2d 274.)

†Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the briefs of *Patrick W. Schmidt, Francis H. Lococo* and *Nora M. Platt* of *Quarles & Brady* of Milwaukee.

On behalf of plaintiffs-respondents, Byron and Alice Derby, the cause was submitted on the brief of *Robert L. Jaskulski* of *Domnitz, Mawicke, Goisman & Rosenberg, S.C.* of Milwaukee.

On behalf of plaintiff-respondent, State Farm Mutual Automobile Insurance Company, the cause was submitted on the brief of *John D. Claypool* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Brenner Tank, Inc., appeals the denial of its summary judgment motion in a lawsuit alleging Brenner's liability for design defects in its manufacture of a tank trailer.[1] Brenner's motion is premised on federal preemption of state common-law tort liability in the area of vehicle safety equipment. We reject Brenner's preemption argument and affirm the order denying summary judgment.

Plaintiffs, Byron and Alice Derby, assert claims of negligence and strict liability arising from an accident in which their vehicle struck and then underrode the

---

[1] We granted leave to appeal this nonfinal order on February 2, 1994.

side of a stainless steel milk tank trailer, after the truck driver pulled the trailer across both lanes of the roadway during an attempt to back into a driveway.[2] The Derbys' claims are based upon Brenner's failure to equip its tank trailer with retro-reflective tape when manufactured, so as to increase its conspicuity at night. The reflective tape was not mandated by the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. § 1392(d), or the standards enacted pursuant thereto. The lighting and reflectors on both the rear and sides of the trailer were in full compliance with Federal Motor Vehicle Safety Standard 108, 49 C.F.R. § 571.108 (Standard 108), decreed by the United States Secretary of Transportation pursuant to the Safety Act. The trial court denied Brenner's summary judgment motion, and Brenner appeals.

This court applies the same summary judgment standards as the trial court as set forth in § 802.08, STATS. *In re Estate of Martz*, 171 Wis. 2d 89, 94, 491 N.W.2d 772, 774 (Ct. App. 1992). Summary judgment is appropriate where the facts as to a particular issue are undisputed and only a question of law is presented. *Krause v. Massachusetts Bay Ins. Co.*, 161 Wis. 2d 711, 714, 468 N.W.2d 755, 756 (Ct. App. 1991).

The Supremacy Clause of the United States Constitution mandates that conflicts between federal and state law be resolved in favor of federal law. *Fidelity Fed. S&L Ass'n v. De La Cuesta*, 458 U.S. 141, 152-53

---

[2] State Farm Mutual Automobile Insurance Company is also a plaintiff, seeking contribution from Brenner for amounts paid to resolve a case with another plaintiff who also struck the tank trailer.

(1982).[3] Liability in tort imposed under state common-law principles is subject to preemption if those principles conflict with federal statutory or regulatory law. *See San Diego Bldg. Trades Council, Millmen's Union Local 2020 v. Garmon*, 359 U.S. 236, 247 (1959). Pursuant to the preemption doctrine, federal law supersedes state law in three general situations: "[W]here Congress explicitly preempts state law, where preemption is implied because Congress has occupied the entire field and where preemption is implied because there is an actual conflict between federal and state law." *Buzzard v. Roadrunner Trucking, Inc.*, 966 F.2d 777, 779-80 (3d Cir. 1992). The preemption doctrine is limited by a presumption that Congress did not intend to displace state law. *Id.* at 780. The burden of demonstrating preemption rests with the defendant. *Id.*

*Buzzard* rejected summary judgment based upon the identical preemption argument made by the manufacturer of a flatbed trailer as Brenner makes here.[4] In its analysis, *Buzzard* noted that:

> A pre-emption question requires an examination of congressional intent. . . . In the absence of explicit statutory language . . . Congress implicitly may

---

[3] U.S. Const., art. VI, cl. 2, provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

[4] While federal court decisions, other than United States Supreme Court decisions on questions of federal law, are not binding on us, *Thompson v. Hales Corners*, 115 Wis. 2d 289, 307, 340 N.W.2d 704, 713 (1983), we may adopt federal court decisions we find persuasive.

indicate an intent to occupy a given field to the exclusion of state law. Such a purpose properly may be inferred where the pervasiveness of the federal regulation precludes supplementation by the States, where the federal interest in the field is sufficiently dominant, or where "the object sought to be obtained by the federal law and the character of the obligations imposed by it . . . reveal the same purposes." Finally, even where Congress has not entirely displaced state regulation in a particular field, state law is pre-empted when it actually conflicts with federal law. Such a conflict will be found "when it is impossible to comply with both state and federal law, or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress."

*Id.* (quoting *Pokorny v. Ford Motor Co.*, 902 F.2d 1116, 1120 (3d Cir. 1990) (quoting *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299-300 (1988) (citations omitted)).

*Buzzard* concluded that Congress did not preempt state common-law by explicit language or by demonstrated intent to occupy the entire field of vehicle safety equipment, noting that the Safety Act has both a preemption clause, § 1392(d), and a savings clause, § 1397(k). *Buzzard*, 966 F.2d at 780.[5] *Buzzard* refused

[5] The preemption clause, 15 U.S.C. § 1392(d), provides in part:

> Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal standard.

The savings clause, 15 U.S.C. § 1397(k), provides: "Compliance with any Federal motor vehicle safety standard issued

to construe the savings clause so narrowly that it would apply only to common-law actions wholly beyond the Safety Act's purview, motor vehicle safety equipment, because it would deprive the savings clause of any practical effect. *Id.* at 780-81.

*Buzzard* also rejected the manufacturer's argument that the Safety Act impliedly preempted the claims because of an actual conflict with federal law. It held: "Actual conflict and subversion of federal purpose are not to be lightly implied, less we lose the benefits of legal development and adaptation to changing conditions in accordance with the principles of the common-law." *Id.* at 781.

Brenner argues that denial of preemption would conflict with our decision in *Boyle v. Chrysler Corp.*, 177 Wis. 2d 207, 501 N.W.2d 865 (Ct. App. 1993). We disagree. In *Boyle*, we held that Standard 208, enacted pursuant to the Safety Act, preempted the Derbys' common-law claim concerning Chrysler's election to equip its vehicle with manual seat belts rather than automatic seat belts or air bags. *Id.*

As *Buzzard* points out, however, the legislative history of the Safety Act demonstrates congressional intent to exclusively occupy the field insofar as Standard 208 permits manufacturers one of three options in order to prevent states from prematurely making air bags or automatic seat belts mandatory. *Id.* at 780-81. No similar preemption is intended with regard to illumination equipment.

The stated purpose of Standard 108 is to

under this subchapter does not exempt any person from any liability under common law."

reduce traffic accidents and deaths and injuries resulting from traffic accidents, by providing adequate illumination of the roadway, and by enhancing the conspicuity of motor vehicles on the public roads so that their presence is perceived and their signals understood, both in daylight and in darkness or other conditions of reduced visibility.

*Id.* at 784.

Consistent with this primary purpose, Standard 108 also provides:

[Reflective tape] . . . may be used for side reflex reflectors if this material as used on the vehicle, meets the performance standards . . . .

49 C.F.R. § 571.108 S5.1.1.4.

No additional lamp, reflective device or other motor vehicle equipment shall be installed that impairs the effectiveness of lighting equipment required by this standard.

*Id.* at S5.1.3.

*Buzzard*, 966 F.2d at 784. We agree with *Buzzard* that the preceding purpose and language read together "leave the door open for states to require, through judge-made common-law, additional illumination equipment that would enhance conspicuity." *Id.*

*By the Court.*—Order affirmed.