Erin DYKEMA, Plaintiff-Appellant-Cross Respondent,†

v.

VOLKSWAGENWERK AG, a foreign corporation, Volkswagen of America, Inc., a foreign corporation, Defendants-Respondents-Cross Appellants,

STATE of Wisconsin, a sovereign body, and The Travelers Insurance Co., a foreign corporation, Defendants-Respondents.

Court of Appeals

*Nos. 93–1341, 93–2579. Oral argument August 17, 1994.—Decided November 8, 1994.*

(Also reported in 525 N.W.2d 754.)

†Petition to review denied.

For the plaintiff-appellant-cross respondent the cause was submitted on the briefs of *Robert L. Habush, Howard A. Davis, Mark S. Young,* and *Virginia M. Antoine* of *Habush, Habush & Davis, S.C.*, with oral argument by *Robert L. Habush* and *Mark S. Young.*

For the defendants-respondents-cross appellants the cause was submitted on the briefs of *Frank A. Scherkenbach* and *Jeffrey S. Fertl* of *Hinshaw & Culbertson*, with oral argument by *Jeffrey S. Fertl.*

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.    Erin Dykema appeals from judgments,[1] after a jury trial, dismissing her causes of

[1] In Case No. 93-1341, Dykema appeals from a final judgment entered on April 1, 1993, dismissing her complaint and awarding VW $51,730.07 in costs. On September 24, 1993, the trial court issued an amended judgment reducing the previously awarded costs to $46,881.14. In Case No. 93-2579, Dykema

action against Volkswagenwerk AG, and Volkswagen of America, Inc. (collectively, "VW"), for common law and strict liability negligence resulting in the personal injuries she received in a one-automobile collision. VW cross-appeals from the judgments.

Dykema presents one issue for our review: whether the trial court erroneously exercised its discretion when it denied Dykema's post-verdict motion for a new trial because of alleged jury contamination and misconduct. On cross-appeal, VW argues the trial court erred when it failed to dismiss Dykema's causes of action based upon federal preemption by Section 1392(d) of the Federal Motor Vehicle Safety Act of 1966,[2] and Federal Motor Vehicle Safety Standard 208. We need not address the jury contamination and misconduct issue because we conclude that, pursuant to VW's argument on cross-appeal, Dykema's causes of action were federally preempted.[3] Accordingly, we affirm the trial court's judgments that dismissed the actions.

Dykema was rendered a quadriplegic on April 16, 1988, when the 1978 Volkswagen Rabbit, in which she was the driver and sole occupant, left the road and rolled over. No other vehicles were involved in the collision. The Rabbit was equipped with a passive-restraint

appeals from the amended judgment. Pursuant to our order on October 21, 1993, Case Nos. 93-1341 and 93-2579 were consolidated for purposes of appeal. The briefs in Case No. 93-1341 were allowed to stand as the briefs in Case No. 93-2579, pursuant to our orders on January 3, 1994, and March 28, 1994. Thus, the issues raised in both cases are identical.

[2] Subsequent to the filing of this appeal, Congress revised and recodified, 15 U.S.C. § 1392(d), at 49 U.S.C. § 30103(b).

[3] *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

system that featured a two-point body restraint, a knee bar, and a ramped seat. The system, known as the VWRA, was automatically engaged when drivers positioned themselves in the seat.

At trial, Dykema argued that the restraint system would have been safer if it had been equipped with a manual lap belt. Expository of her position, she presented Dr. Kenneth Saczalski, an expert in accident reconstruction and body kinematics, who testified that the VWRA is "basically an incomplete restraint system. They [VW] just didn't finish the job. They didn't put in the lap belt. In my opinion, that is what caused the injuries."

At the conclusion of Dykema's case-in-chief, VW moved the court for a dismissal, arguing that federal preemption deprived the state courts of subject matter jurisdiction. VW argued that Dykema's claims relating to the alleged lack of reasonably adequate lower pelvic restraint in the VWRA system were preempted by federal law governing automobile safety standards. The trial court denied VW's motion, stating:

> Plaintiff's claim is not impliedly preempted by the Safety Act. The addition of a lap belt or other type of torso restraint wouldn't conflict with the federal standards, but would supplement them. The compensation of victims, a function of state law, sets it apart from direct forms of regulations and a manufacturer may choose a variety of actions to avoid liability or lessen its impact. Common law is not regulation.

At the conclusion of the eight-week trial, the jury found that the 1978 Volkswagen Rabbit was not defectively designed and that VW was not negligent. The trial court entered a judgment dismissing Dykema's com-

plaint. Dykema appeals this judgment and VW cross-appeals. We need only address the cross-appeal.

VW argues that, as a matter of law, Dykema's strict liability and negligence claims were federally preempted and, therefore, the trial court erred when it denied VW's motion to dismiss at the close of Dykema's case-in-chief. We agree.

Federal preemption of a matter deprives a state court of subject matter jurisdiction. *Mulhern v. Outboard Marine Corp.,* 146 Wis. 2d 604, 614, 432 N.W.2d 130, 134 (Ct. App. 1988). Whether a court has subject matter jurisdiction is a legal issue for which we accord no deference to the conclusions of the trial court. *See Gonzales v. AM Community Credit Union,* 150 Wis. 2d 773, 777, 442 N.W.2d 536, 537 (Ct. App. 1989).

In 1966, Congress determined that because of the "centralized, mass production, high volume character" of the manufacture of automobiles, the nation required safety standards that were uniformly enforced. S. REP. NO. 1301, 89th Cong., 2d Sess. 12 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2709, 2720. Congress concluded that the "primary responsibility for regulating the national automotive manufacturing industry must fall squarely upon the Federal Government." S. REP. NO. 1301, at 4, *reprinted in* 1966 U.S.C.C.A.N. at 2712.

Accordingly, Congress enacted the National Traffic and Motor Vehicle Safety Act of 1966 (the "Safety Act"), 15 U.S.C. § 1381, *et seq.*, that directed that United States Department of Transportation and its sub-agency, the National Highway Traffic Safety Administration (NHTSA), to issue federal motor vehicle safety standards. The Safety Act provides for the supremacy of these federal standards and declares, in part, that:

Whenever a Federal motor vehicle safety standard established under this title is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal standard.

15 U.S.C. § 1392(d).

Pursuant to the Safety Act, NHTSA promulgated Federal Motor Vehicle Safety Standard 208 (FMVSS 208) that regulated motor vehicle occupant crash protection. 49 C.F.R. § 571.208. FMVSS 208 requires all passenger cars manufactured between September 1, 1973, and September 1, 1986, to possess one of three types of crash protection: (1) passive restraints for all crashes; (2) passive restraints for head-on crashes plus manual belts; or (3) manual three-point seat belts. 49 C.F.R. § 571.208, S4.1.2.1-3. Additionally, FMVSS 208 states that a manufacturer could install an automatic belt "that requires no action by vehicle occupants" to meet the standards of § 571.208, S4, and in place of the "seat belt assembly" required by option S4.1.2.2. 49 C.F.R. § 571.208, S4.5.3. NHTSA, in 1974, ruled that the VWRA system at issue in this case was an authorized means to comply with FMVSS 208's second option. 39 Fed. Reg. 3834 (1974).

Throughout the pretrial motions, the trial, and on appeal, Dykema has never argued that the VWRA system did not comply with the requirements of FMVSS 208. Indeed, at oral argument, Dykema's counsel stated that Dykema did not dispute the fact that the VWRA complied with the standard. Dykema argues, however, that the VWRA provides inadequate lower

pelvic restraint and, therefore, a state tort claim is a valid action to redress her injuries. VW argues that state common-law tort claims are preempted by 15 U.S.C. § 1392(d) if they require a non-identical safety standard to that under FMVSS 208.

We recently addressed this contention, albeit in a slightly different form, in *Boyle v. Chrysler Corp.*, 177 Wis. 2d 207, 501 N.W.2d 865 (Ct. App. 1993). In *Boyle*, we stated: "[W]e conclude that compliance with the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. § 1381 (1982), and the Federal Motor Vehicle Safety Standard 208, 49 C.F.R. § 571.208 (1979) . . . preempt[s] state law claims based on the absence of airbags or other passive restraints . . . ." *Id*. at 213, 501 N.W.2d at 867. Accordingly, contrary to Dykema's attempts at oral argument and in her appellate briefs to distinguish the applicability of *Boyle* solely to

"absence of airbag cases,"[4] we conclude that our holding in *Boyle* controls the disposition of this case.[5]

---

[4] We note that other jurisdictions have reached divergent conclusions regarding federal preemption of state common-law claims under 15 U.S.C. § 1392. *See Myrick v. Fruehauf Corp.*, 13 F.3d 1516 (11th Cir.) (holding state common-law claims for failure to install anti-lock brakes in tractor-trailer truck are not preempted by National Traffic and Motor Vehicle Safety Act (the "Safety Act")), *cert. granted sub nom., Freightliner Corp. v. Myrick*, 63 U.S.L.W. 3282, 63 U.S.L.W. 3291 (U.S. Oct. 7, 1994) (No. 94-286); *Perry v. Mercedes Benz of North America, Inc.*, 957 F.2d 1257 (5th Cir. 1992) (declaring state claims that are based on defective design of automobile airbags are not preempted by the Safety Act); *Pokorny v. Ford Motor Co.*, 902 F.2d 1116 (3d Cir.) (holding state claim that van was defectively designed because it was not equipped with airbags or automatic seat belts was impliedly preempted, but claim that van was defective because it lacked protective netting over windows was not preempted), *cert. denied*, 498 U.S. 853 (1990); *Estate of Montag v. Honda Motor Co.*, 856 F. Supp. 574 (D. Colo. 1994) (finding state claim for failure to install airbags is federally preempted by the Safety Act); *Richards v. Michelin Tire Corp.*, 786 F. Supp. 959 (S.D. Ala. 1992) (finding state claim against tire manufacturer for failure to warn is not preempted by the Safety Act); *Loulos v. Dick Smith Ford, Inc.*, 882 S.W.2d 149 (Mo. Ct. App. 1994) (holding state claim for failure to equip automobile with airbag is not preempted by the Safety Act).

[5] Subsequent to oral argument in this case, a different panel of this court released *Derby v. Brenner Tank, Inc.*, 187 Wis. 2d 244, 522 N.W.2d 274 (Ct. App. 1994), that concluded 15 U.S.C. § 1392 did not federally preempt state common-law claims based on standards differing from Federal Motor Vehicle Safety Standard 108, 49 C.F.R. § 571.108, which regulated illumination on tractor-trailer trucks. *Id.* at 246-47, 522 N.W.2d at 275. We conclude that nothing in *Derby* conflicts with our conclusion that *Boyle v. Chrysler Corp.*, 177 Wis. 2d 207, 501 N.W.2d 865 (Ct. App. 1993), controls the disposition of this case.

The VWRA system with which VW elected to equip the 1978 Volkswagen Rabbit complies with the requirements of FMVSS 208, and therefore "is within the purview of the explicit preemption provision prohibiting states from requiring different restraints." *Id.* at 217, 501 N.W.2d at 869. Thus, Dykema's claims, which were based upon VW's alleged failure to provide reasonably adequate lower pelvic restraint, would establish a different safety standard from that required by federal law. *Boyle* specifically states that such claims are preempted. *Id.*; *see Cipollone v. Liggett Group, Inc.,* 112 S. Ct. 2608, 2620 (1992) (holding that for purposes of federal preemption, state law includes statutes, regulations, *and* common-law actions).

Accordingly, we conclude that the holding and analysis in *Boyle* controls and, therefore, the trial court erred when it failed to dismiss Dykema's action based on its lack of subject matter jurisdiction. However, because the trial court did dismiss Dykema's complaint after the jury found in favor of VW, we affirm the post-verdict judgments that dismissed the complaint.

*By the Court.*—Judgments affirmed.

As stated in *Derby*: "[T]he legislative history of the Safety Act demonstrates congressional intent to exclusively occupy the field insofar as Standard 208 permits manufacturers one of three options in order to prevent states from prematurely making air bags or automatic seat belts mandatory." *Derby,* 187 Wis. 2d at 250, 522 N.W.2d at 276-77. We conclude that while other standards promulgated under the Safety Act may not evince congressional intent for federal preemption, FMVSS 208 does evince such intent, and thus, *Derby*'s holding as to FMVSS 108 has no effect on our conclusion in this case.