KRAFT FOODS, INC., Oscar Mayer Foods Division, Petitioner-Respondent,†

v.

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, Equal Rights Division, Respondent-Co-Appellant,

Randy MAYNARD, Nancy Ealey, Donald Bledsoe, Renee Wedvick, Kurt Voiss, Gerald Weisensel, Bradley Rice, and Lee Burrell, Interested Parties-Appellants.

Court of Appeals

*No. 00–1918. Submitted on briefs December 13, 2000.—Decided February 22, 2001.*

## 2001 WI App 69

(Also reported in 625 N.W.2d 658.)

†Petition to review denied.

379

On behalf of the respondent-co-appellant, the cause was submitted on the briefs of *Richard B. Moriarty*, assistant attorney general, and *James E. Doyle*, attorney general.

On behalf of the interested parties-appellants, the cause was submitted on the briefs of *John C. Talis* of *Shneidman, Myers, Dowling, Blumenfield, Ehlke, Hawks & Domer*, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Michael H. Auen, Daniel A. Kaplan* and *Sharon K. Mollman Elliott* of *Foley & Lardner*, Madison.

Before Dykman, P.J., Vergeront and Deininger, JJ.

¶ 1. DEININGER, J. The Department of Workforce Development and eight individual claimants appeal a circuit court order which reversed the department's determination that the claimants' employer had violated the Wisconsin Family and Medical Leave Act (WFMLA).[1] At issue is whether the

---

[1] We will refer to the appellants as "the claimants," except where it is necessary to separately identify them, and to the respondent employer, Kraft Foods, Inc., Oscar Mayer Foods Division, as "Oscar Mayer." Also, we will refer to leave taken under the provisions of the Wisconsin Family and Medical Leave Act, WIS. STAT. § 103.10 (1999–2000), as "family leave," even though the statutory leave is also available to "an employe who has a serious health condition." *See* § 103.10(4).

department correctly concluded that the claimants could substitute paid sick leave for family leave commencing with the first day of family leave, irrespective of a "waiting period" which applied to Oscar Mayer's contractual sick leave benefit. We conclude that we must accord the department's interpretation and application of the WFMLA great weight deference, and under that standard of review, we affirm the department's ruling. Accordingly, we reverse the order of the circuit court and direct that on remand the department's determination and order be reinstated.

## BACKGROUND

¶ 2.    Oscar Mayer provides sick leave benefits to its employees of one year or more pursuant to a collective bargaining agreement. The benefits consist of a number of days of partial-wage payments, with the number of days dependant on an employee's length of service.[2] Paid sick leave does not begin until the fourth or eighth day of absence due to illness.[3] Several Oscar

---

[2] The maximum sick leave that an Oscar Mayer employee can receive in a twelve-month period is determined by the employee's years of continuous service. An employee with one to ten years continuous service has up to ten weeks; with eleven to twenty years of continuous service, twenty weeks; and with twenty-one or more years of continuous service, twenty-six weeks of sick leave is available. The sick leave benefit consists of 55% of an employee's basic wage rate for an eight-hour day.

[3] Employees with more than one year with Oscar Mayer, but less than five years, are eligible to be paid sick leave benefits commencing with "the eighth (8th) consecutive calendar day" which the employee is "absent from work because of a disability caused by sickness or accident." Those who have worked for Oscar Mayer for five or more years are eligible for paid sick leave benefits on "the fourth working day of absence."

Mayer employees asked to substitute paid sick leave benefits for family leave from the first day of absence for family leave. Oscar Mayer denied the substitution requests for the first few days of each family leave.[4]

¶ 3.    The present claimants and several other Oscar Mayer employees who were denied their full substitution requests filed claims with the department. Employee Kent Pagel, not a claimant in this case, brought the first claim that was heard and decided by the department. In Pagel's case, the department determined in April 1998 that Oscar Mayer's sick leave benefits were "accrued" for purposes of WIS. STAT. § 103.10(5)(b) (1999–2000),[5] and that Oscar Mayer must allow the substitution commencing with the first day of family leave.[6] Oscar Mayer petitioned for judicial review of the *Pagel* decision to the Dane County Circuit Court.

¶ 4.    The present case began as a consolidation of the claims of nine employees with different types and lengths of family leaves taken in March through August 1998. After the hearing and briefing in this case, but before a decision by the department, the circuit court affirmed the *Pagel* decision. The department,

---

[4] Oscar Mayer and the claimants' union had a "side agreement" under which Oscar Mayer allowed the claimants to substitute paid sick leave for family leave, except for the three- or seven-day waiting period. The department found that the side agreement was to remain in effect "until it was determined whether the employees were entitled under the WFMLA to substitute Oscar Mayer's sick leave benefits . . . for unpaid WFMLA leave."

[5] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[6] *Pagel v. Oscar Mayer Foods Corp.*, ERD Case No. 199701618 (April 23, 1998).

over Oscar Mayer's objection, placed "in abeyance" a decision in this case to await the disposition of Oscar Mayer's appeal of the *Pagel* decision to this court. Oscar Mayer then withdrew its appeal of *Pagel*, and claimants moved the department for a determination in their favor based on issue preclusion. The department decided that: (1) it need not reach the merits because Oscar Mayer's withdrawal of its appeal rendered the *Pagel* decision final, and thus, Oscar Mayer was precluded from relitigating the issues at hand; and (2) even if issue preclusion did not apply, the claimants should prevail on the merits. The department expressly adopted its prior decision in *Pagel*, and it rejected Oscar Mayer's new argument that allowing substitution of the sick leave without the waiting period would impose "unanticipated costs."[7]

¶ 5. Oscar Mayer petitioned for judicial review. The circuit court concluded that (1) the department erred in concluding that issue preclusion bars Oscar Mayer from litigating the issue of leave substitution and its "unanticipated costs"; (2) the department correctly determined that Oscar Mayer's paid sick leave benefit was "accrued" leave under WIS. STAT. § 103.10(5)(b) and WIS. ADMIN. CODE § DWD 225.03; but (3) the department's determination permitting substitution of the paid sick leave for the first few days of a family leave was contrary to the Wisconsin Supreme Court's decision in *Richland School District v. DILHR*, 174 Wis. 2d 878, 901, 498 N.W.2d 826 (1993). The claimants and the department appeal the circuit court's decision and order.

---

[7] The department rejected one claim, that of employee Gerald Steward, because he failed to timely file it. Steward does not join in this appeal.

## ANALYSIS

¶ 6. The claimants first argue that issue preclusion bars Oscar Mayer from relitigating the central issue in this case. For reasons we discuss below, we conclude that the department did not err in interpreting and applying WIS. STAT. § 103.10. Because we agree with the claimants on the merits, we do not address their issue preclusion argument. *See Benkoski v. Flood*, 229 Wis. 2d 377, 388, 599 N.W.2d 885 (Ct. App.), *review denied*, 230 Wis. 2d 273, 604 N.W.2d 571 (Wis. Sept. 28, 1999) (No. 98–1972).

¶ 7. We review the department's decision, not that of the circuit court. *Stafford Trucking, Inc. v. DILHR*, 102 Wis. 2d 256, 260, 306 N.W.2d 79 (Ct. App. 1981). The initial dispute in this appeal, however, as in many involving our review of administrative agency decisions, is over the degree of deference we are to accord the department's decision. The supreme court has described the hierarchy of deference under which a court is to review an administrative agency's conclusions of law and statutory interpretation as follows:

> First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the [law], the agency determination is entitled to "great weight." The second level of review provides that if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The lowest level of review, the *de novo* standard, is applied where it is clear from the lack of agency precedent that the case is one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented.

*Jicha v. DILHR*, 169 Wis. 2d 284, 290–91, 485 N.W.2d 256 (1992) (citations omitted).

¶ 8. The claimants urge us to give the department's interpretation "great weight," while Oscar Mayer argues that we must review it de novo. We conclude that the department's interpretations of the WFMLA, and of its own rules implementing the act, are entitled to great weight deference. The supreme court in *Richland School District* reviewed the department's interpretation of the same statute and rule that are at issue in this case. The court explained that the department went through a rule-making process and adopted administrative rules interpreting the meaning of the leave substitution provision of WIS. STAT. § 103.10(5)(b). *Richland School District*, 174 Wis. 2d at 891–94. In view of the "experience and expertise in interpreting the substitution provision" which the department gained thereby, the court granted the department's interpretation great weight deference. *Id.* at 894. Accordingly, we do likewise here.[8]

---

[8] Although it accorded great weight deference to the department's determination that Oscar Mayer's sick leave benefit constituted "accrued" leave under WIS. ADMIN. CODE § DWD 225.03(1), the circuit court decided the waiting period issue de novo. The court concluded that the department's determination of that issue was based "solely on its interpretation of the supreme court's decision in *Richland School District*," and that a court was as competent as an agency to interpret "existing case law." We view the department's decision-making process differently. In ruling on the present claims, the department applied its expertise and experience in administering the WFMLA's leave substitution provision, just as it did in deciding the employee's claim in *Richland School District*. The fact that the department also looked to the supreme court's discussion in that case for guidance in deciding this one does not mean that

¶ 9.  When reviewing an agency decision under the great weight standard, we will uphold an agency's reasonable statutory interpretation even if we might also conclude that an alternative interpretation is more reasonable. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 287, 548 N.W.2d 57 (1996). Thus, our task is to determine whether the department's determination that Oscar Mayer's sick leave benefit constitutes an accrued paid leave that may be substituted for family leave under WIS. STAT. § 103.10(5)(b), commencing with the first day of family leave, is "merely reasonable." *See Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 661, 539 N.W.2d 98 (1995). If the determination does not directly contravene the words of § 103.10, or the legislature's intent when enacting the WFMLA, and if the department's interpretation has a rational basis, our inquiry is at an end and we must affirm the department's order. *See id.* at 662.

¶ 10.  We begin with the language of the statute and the department's rule interpreting it. The WFMLA

we may deprive the department of the deference it is due on account of its expertise, experience and legislatively delegated authority.

We acknowledge that an agency forfeits its claim to deference when its determination conflicts with prior appellate decisions. *See Klusendorf Chevrolet-Buick, Inc. v. LIRC*, 110 Wis. 2d 328, 331–32, 328 N.W.2d 890 (Ct. App. 1982). As we discuss, however, the department's determination that the waiting period presently at issue is a non-transferring "condition" for being paid sick leave benefits is not unreasonable, and it in no way "conflicts" with *Richland School District*, which did not address the issue of a waiting period applicable to accrued paid leave.

does not require employers to pay employees for approved family leaves. WIS. STAT. § 103.10(5)(a). However, § 103.10(5)(b) provides that "[a]n employee may substitute, for portions of family leave or medical leave, paid or unpaid leave of any type provided by the employer." The department has promulgated the following administrative rule interpreting the statutory provision: "At the option of the employe, an employe entitled to family or medical leave under the act may substitute, for any leave requested under the act, any other paid or unpaid leave which has *accrued* to the employe." WIS. ADMIN. CODE § DWD 225.03(1) (emphasis added). To prove a violation of § 103.10(5)(b), the claimants must establish that: (1) at the time they requested leave, they were covered by the WFMLA; (2) they asked to substitute other leave for family leave; (3) Oscar Mayer provided other leave that could be substituted; (4) each claimant had accrued the leave to be substituted; and (5) Oscar Mayer denied the substitution request. *Miller Brewing Co. v. DILHR*, 210 Wis. 2d 26, 31, 563 N.W.2d 460 (1997) (citing *Leher v. Consolidated Papers, Inc.*, 786 F. Supp. 1480, 1485 (W.D. Wis. 1992)). The third and fourth elements are at issue in this case.

¶ 11. Oscar Mayer first argues the department erred in concluding that the claimants had "accrued" sick leave as required under WIS. ADMIN. CODE § DWD 225.03.[9] Oscar Mayer asserts that an accrued leave

---

[9] The claimants assert in their reply brief that we cannot consider this argument because Oscar Mayer failed to cross-appeal the circuit court's decision. *See* WIS. STAT. § 809.10(2)(b). The appealed circuit court order ratified the department's determination that the sick leave benefit provided under the parties' collective bargaining agreement constituted a substitutable accrued leave under WIS. STAT. § 103.10(5)(b) and WIS.

benefit "must be vested, it must not be contingent, and its substitution under the WFMLA must not impose 'unanticipated costs' on the employer." The claimants respond that an accrued leave benefit is simply one that is quantifiable and calculable in specified amounts. Both parties assert that support for their positions may be found in *Richland School District*, where the supreme court stated:

> Only those types of leave which an employment contract allows an employe to accumulate over time are available for substitution. Leave which is indefinite or which cannot be quantified at the time of the FMLA leave request is not "leave . . . provided by the employer" under FMLA. Such indefinite, incalculable leave is distinguishable from the leave in this case, which accrues into specified, calculable amounts of time. The parties agree that the collective bargaining agreement gave Ruder 18 days of accumulated paid leave. He requested authorization to substitute five of those days for the unpaid leave to which he was entitled under FMLA. He was not asking to substitute any form of non-accrued, discretionary or contingent leave time which the school district might give him upon request.

ADMIN. CODE § DWD 225.03(1), and Oscar Mayer has not crossappealed that portion of the circuit court's order. We take Oscar Mayer's first argument to simply present an alternative basis for affirming the circuit court's conclusion that the claimants should not be permitted to substitute paid sick leave during the waiting period. That is, we agree that Oscar Mayer cannot argue that the claimants may not be paid for family leave days after the expiration of the waiting period, but if the department unreasonably concluded that the sick leave benefit constituted substitutable, accrued leave, that would provide a basis for us to affirm the circuit court's conclusion that no paid sick leave could be substituted during the waiting period.

*Id.* at 895–96.

¶ 12. The department determined in this case that leave is accrued within the meaning of WIS. ADMIN. CODE § DWD 225.03 if it arises from a contract, is specified and quantifiable, has a "draw-down" feature, and is the type of leave that an employee is allowed to accumulate over time. The department concluded that the Oscar Mayer sick leave benefit meets these criteria, and that the claimants thus had accrued sick leave available to them for substitution under WIS. STAT. § 103.10(5)(b). We conclude that the department reasonably interpreted and applied the term "accrued" in its rule to the facts of this case.

¶ 13. The department's criteria for accrued leave are reasonably based on the meaning of the term,[10] and they are not in conflict with the supreme court's discussion in *Richland School District*, quoted above. The department, after applying the criteria to the present facts, reasonably concluded that sick leave had "accrued" to the claimants in this case. First, the benefit arises from the parties' collective bargaining agreement. Second, the amount of paid sick leave available to a given employee is specified and quantifiable. For example, if an employee has worked at Oscar Mayer for six years, he or she has ten weeks of sick leave available in a twelve-month period. Third, the benefit has a "draw-down" feature, by which the

---

[10] THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 13 (2nd ed. 1987) provides definitions of "accrue" which include "to be added as a matter of periodic gain or advantage," and "to become a present and enforceable right or demand." BLACK'S LAW DICTIONARY 21 (7th ed. 1999) provides similar meanings: "[t]o come into existence as an enforceable claim or right; to arise"; "[t]o accumulate periodically."

amount of available leave decreases as the employee uses it.[11] Fourth, although there is no leave "carry-over" feature, the benefit "accumulates" over time because (1) the amount of leave available renews to the maximum every twelve months, and (2) the maximum amount of leave available increases with an employee's longevity.[12]

¶ 14. In Oscar Mayer's view, the department's determination that the present sick leave benefit creates "accrued" leave is unreasonable and inconsistent with *Richland School District*, which, according to Oscar Mayer, requires that an accrued, substitutable leave be "a vested, earned, or existing right or benefit." Oscar Mayer asserts that the claimants have no vested right in the sick leave benefit because (1) the leave does *not* "accumulate" over time, but rather must be used within one year, and (2) it is contingent on an employee being sick for several days before receiving a paid benefit. Oscar Mayer equates its sick leave benefit with that provided under a typical disability insurance policy.

¶ 15. Although the sick leave benefit in the parties' collective bargaining agreement may resemble a disability insurance policy, we agree with the department that any such resemblance is irrelevant.[13] The

----

[11] The contract provides: "The period for which sick leave payments shall be made shall be reduced by the number of days and weeks for which Sick Leave payments have been made during the twelve (12) months immediately preceding the starting date of the current disability."

[12] See notes 2 and 11, above.

[13] At the hearing before the department, Oscar Mayer proffered evidence that its sick leave benefit is similar to a short-term disability insurance policy. The department determined that the evidence was not relevant because it did not help to

issue is whether the sick leave benefit meets the requirements as a substitute leave under the WFMLA, and, as we have discussed, the department reasonably concluded that it does. Oscar Mayer's sick leave benefit "accumulates over time" by renewing annually and increasing with an employee's seniority. And, the fact that an employee must be sick for several days before receiving paid sick leave benefits does not render the benefit "indefinite" or "incalculable." Once the waiting period requirement is met, the entitlement is clear and Oscar Mayer may not, in its discretion, deny a request for payment of the benefit. *See Richland School District*, 174 Wis. 2d at 898.

¶ 16.   Even though the presence of the sick leave waiting period does not render unreasonable the department's conclusion that the leave accrues and is substitutable under WIS. STAT. § 103.10(5)(b), it does not necessarily follow that Oscar Mayer must allow substitution commencing on the first day of family leave, as the department also concluded. Oscar Mayer argues that, even if its sick leave is accrued and can be substituted under the WFMLA, a claimant may only be paid for days of family leave beyond the waiting period. Allowing substitution of the sick leave benefit from the first day of a family leave, according to Oscar Mayer, imposes "unanticipated costs," and thus conflicts with the supreme court's observation in *Richland School District* that "[t]hrough sec. 103.10(5)(b), the legislature has made it possible for employes to draw down on

---

establish whether the sick leave benefit constituted "accrued" leave under WIS. ADMIN. CODE § DWD 225.03(1) and the *Richland School District* decision. Oscar Mayer argues that the department erroneously exercised its discretion in refusing to admit the evidence. We disagree for the reasons discussed in the text.

their leave accounts during FMLA leave, *without imposing unanticipated costs on the employer.*" *Id.* at 901 (emphasis added).

¶ 17.   The department reasoned, however, that the claimants could substitute paid sick leave from the first day of leave because, as explained in *Richland School District,* an employee need not satisfy "the conditions of leave eligibility set forth in the collective bargaining agreement before substitution is allowed" under the WFMLA. *Id.* at 898. The department assumed that employees would use more of their available sick leave if substitution for family leave were allowed than if it were not. It concluded, however, that this would only constitute increased "use costs," not "unanticipated costs."

¶ 18.   We conclude that it was not unreasonable for the department to reject Oscar Mayer's "unanticipated costs" argument. We note first that the supreme court's use of the phrase in *Richland School District,* was at most a passing comment in its discussion of the legislative purpose behind WIS. STAT. § 103.10(5)(b). A prohibition against imposing "unanticipated costs" was not central to its holding. Indeed, the court noted later in the opinion that the "substitution provision increases the opportunities for a state employe to use existing accrued paid leave, as opposed to creating additional paid leave." *Id.* at 904. There can thus be no question that the supreme court was well aware that permitting the substitution of paid leave for unpaid family leave would inevitably result in increased usage of existing paid leave benefits, benefits that might otherwise go unused. We agree with the department, however, that that fact alone cannot be used as a justification for denying substitution, under either the

language of the statute or the court's discussion in *Richland School District*. Permitting substitution in this case neither increases the maximum number of paid sick leave days available to any employee nor eliminates the "draw-down" of available benefits when either sick leave or family leave is taken.

¶ 19. As we have noted, the department concluded that the three- or seven-day waiting period required before an employee is entitled to paid sick leave, is a non-transferring "condition" of the sick leave benefit, similar to the requirement for a "disability caused by sickness or accident." In its de novo consideration of the issue, the circuit court concluded that the waiting period was "more properly" viewed as a factor in the accrual determination. That is, just as no sick leave benefit accrues to an employee during his or her first year of employment with Oscar Mayer, so, too, in the circuit court's view, no sick leave should be deemed to accrue to an employee until the specified number of days of absence from work has passed.

¶ 20. The circuit court's interpretation may well be no less reasonable than the department's. As the circuit court itself recognized in another part of its decision, however, it is precisely in the interpretation and application of its "accrued leave rule," WIS. ADMIN. CODE § DWD 225.03(1), that we must accord the department the greatest deference. *See Richland School District*, 174 Wis. 2d at 894. We are not persuaded that the department's interpretation that Oscar Mayer's sick leave benefit accrues irrespective of the waiting period, and that the waiting period requirement is a non-transferring condition when sick leave is substituted for family leave, contravenes either the language of the WFMLA or the legislature's intent when enacting it.

The department's interpretation also has a rational basis and comports with the holding of *Richland School District. See id.* at 898. In short, the department's interpretation is a reasonable one and must be affirmed.

¶ 21. Finally, we observe that classifying the waiting period as a non-transferring condition of eligibility, as opposed to an element determining accrual, may represent a policy choice as much as it does a legal interpretation. If so, the choice is the department's to make, not ours. *See Roehl Transport, Inc. v. Wisconsin Div. of Hearings and Appeals*, 213 Wis. 2d 452, 459 n.5, 570 N.W.2d 864 (Ct. App. 1997) (We "pay great deference to an agency's interpretation when it is intertwined with value and policy determinations inherent in the role the legislature assigned the agency to play.").

## CONCLUSION

¶ 22. For the reasons discussed above, we reverse the appealed order and direct that the department's decision and order be reinstated in its entirety.

*By the Court.*—Order reversed and cause remanded with directions.